IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
**Clarksburg Division**

R. APRIL HIGGINBOTTOM and
A. PHILLIP HIGGINBOTTOM,

    Plaintiffs,

v.

SELENE FINANCE LP and
WELLS FARGO BANK, N.A.,

    Defendants.

No. 1:17-CV-184 (Keeley)

ELECTRONICALLY FILED
Oct 27 2017
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C.§§ 1441(a) and 1441(b), Defendant, Selene Finance LP ("Selene"), hereby removes the above-captioned action from the Circuit Court of Preston County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for the removal of this case, Selene states as follows:

## THE ACTION

1. On September 25, 2017, Plaintiffs, R. April Higginbottom and A. Phillip Higginbottom ("Plaintiffs"), commenced the underlying state court action, captioned <u>R. April Higginbottom and A. Phillip Higginbottom v. Selene Finance, LP, et al.</u>, Docket No. 17-c-118 ("State Court Action"), by filing a Complaint in the Circuit Court of Preston County, West Virginia. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Complaint, and service of process from the State Court Action are attached as Exhibit "A." A copy of the docket in the State Court Action is attached as Exhibit "B."

## TIMELINESS

2. Selene was served with the Complaint on October 2, 2017. (See Service Papers, Exhibit "A".) Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed within thirty-days from purported service of the action.

## COMPLETE DIVERSITY OF CITIZENSHIP

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action is one that may be removed to this Court under 28 U.S.C. § 1441.

4. There exists complete diversity of citizenship between Selene, Wells Fargo Bank, N.A. and Plaintiffs in the underlying cause of action, as follows:

(a) Selene is a Delaware limited partnership, with a principal place of business in Houston, Texas. (See Delaware Secretary of State, Exhibit "C"; Complaint, Exhibit "A", ¶3.)

(b) Plaintiffs are individuals who reside in Martinsburg, West Virginia. (See Complaint, Exhibit "A", ¶2.)

(c) Pursuant to 28 U.S.C. § 1348, Wells Fargo, as a national banking association, is a citizen of the state where it is "located." Wachovia Bank v. Schmidt, 546 U.S. 303, 306-307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located."). Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. (See Office of the Comptroller of the Currency's List of National Banks, available at http://www.occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html (last visited 10/24/17), Exhibit "D".)

5. Because Selene and Wells Fargo are citizens of Delaware, Texas, and South Dakota and Plaintiffs are citizens of West Virginia, complete diversity of citizenship exists between Plaintiffs and Defendants.

6. Removal is not barred by the resident-defendant rule set forth in 28 U.S.C. § 1441(b), because Selene and Wells Fargo are not citizens of West Virginia.

## AMOUNT IN CONTROVERSY

7. Pursuant to L.R. Civ. P. 11.2 of this Court, Plaintiffs have not previously filed a unilateral stipulation explicitly limiting recovery below $75,000.00 as required under McCoy. McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (Haden, C.J.) Such "stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." Id. at 486. The purpose of this rule, as articulated by the late Chief Judge Haden, is to "alleviate unseemly forum gaming" that may occur when a plaintiff is permitted to file such stipulations after a case is removed. Id.

8. A plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. See Maxwell v. Wells Fargo Bank, N.A., No. CIV.A. 2:09-0500, 2009 WL 3293871, at *3-5 (S.D.W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA); Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 584-85 (S.D. W. Va. 1999) (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy). According to the Complaint, Plaintiffs demand the following relief: actual and punitive damages, statutory penalties, equitable relief, attorneys' fees and

costs, and "[s]uch other relief as this Court deems equitable and just." (Complaint, ¶¶ 71, 75, 81, 93, 99, 105 and subsequent "Wherefore" clauses.) Specifically, Plaintiffs pray for:

(a) $1,000 in statutory damages for each of the alleged numerous, separate violations of the West Virginia Consumer and Credit Protection Act ("WVCCPA") committed by Selene. (Complaint, ¶¶ 71, 73, 75 and subsequent "Wherefore" clauses); see also W. Va. Code §§ 46A-5-101 ($1,000 penalty per violation); 46A-5-106 (allowing adjustment for inflation); Jefferson v. Quicken Loans, Inc., No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013) (stating that using the maximum penalty under the WVCCPA is the "common practice" used by district courts for determining the amount in controversy).

(b) Actual damages for their WVCCPA, fraud, breach of contract, and tortious interference with a contract claims. (Complaint, ¶¶ 71, 73, 75, 81, 93, 99, 105 and subsequent "Wherefore" clauses.)

(c) Punitive damages for their two breach of contract claims, their fraud claim, and their tortious interference with a contract claim.[1] (Id.)

(d) An award of attorneys' fees. (Id. at ¶¶ 71, 73, 75 and subsequent "Wherefore" clauses.)

(e) "Appropriate equitable relief." (Complaint, ¶¶ 71, 73, 75, 81, 93, 99, 105 and subsequent "Wherefore" clause.) Plaintiffs request for equitable relief could include an order prohibiting Selene from collecting on the loan. The unpaid balance of the loan is $173,514.21 and the amount in arrears currently stands at $37,848.12. These

---

[1] Punitive damages are available for breach of contract claims. See Warden v. Bank of Mingo, 176 W. Va. 60, 65 n.7, 341 S.E.2d 679, 684 n.7 (1985) (noting that in certain cases punitive damages are available for breach of contract claims).

amounts are included in the amount in controversy and alone satisfy the jurisdictional threshold. See Winnell v. HSBC Mortg. Servs., Inc., No. 2:11-CV-00561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011) (holding that if a bank "is unable to enforce [a] loan, it stands to lose at least the outstanding balance of the loan.").

9. The foregoing statutory damages coupled with Plaintiff's request for attorney's fees, actual and punitive damages, and equitabble relief are sufficient to satisfy the amount in controversy, exclusive of interest and costs. See Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). The parties are also completely diverse. Thus, this Court has jurisdiction pursuant to 28 U.S.C § 1332.

10. This action is being removed to the District Court of the United States for the Northern District of West Virginia, the district embracing the place where the action is pending in accordance with 28 U.S.C. § 1441(a).

## CONSENT OF WELLS FARGO

11. On October 19, 2017, counsel for Selene consulted with counsel for codefendant, Wells Fargo Bank, NA, who consented to this removal.

## NOTICE OF REMOVAL

12. Pursuant to the provisions of 28 U.S.C. § 1446(d), Selene will give Plaintiffs written notice of the filing of this Notice of Removal and shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Preston County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "E."

13. In the event any question arises as to the propriety of the removal of this matter, Selene requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547 (2014), and Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008).[2]

WHEREFORE, Defendant, Selene Finance, LP, hereby removes this State Court Action to the United States District Court for the Northern District of West Virginia.

Dated: October 27, 2017

/s/ Robert L. Bandy
Robert L. Bandy (WVSB #7419)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
rbandy@kaycasto.com
Tel: (304) 345-8900
Fax: (304) 354-8909

*Counsel for Defendant,*
*Selene Finance LP*

---

[2] Wells Fargo joins in this request.

## CERTIFICATE OF SERVICE

      I, Robert L. Bandy, hereby certify that on October 27, 2017, I caused the foregoing Notice of Removal and accompanying exhibits to be electronically filed via the Court's ECF system. The foregoing documents are available for viewing and downloading from the PACER system.

                                          */s/ Robert L. Bandy*
                                          Robert L. Bandy, Esquire